UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JERMAINE THOMAS,

Defendant.

Case No. 18-cr-00445-PJH-1

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Re: Dkt. No. 43

The defendant in the above-captioned case filed a pro se motion for compassionate release on August 22, 2025. See Dkt. 43. Pursuant to this court's Miscellaneous Order 2019.01.25, defendant's motion was referred to the Federal Public Defender ("FPD"), who had 21 days to decide whether to assume representation of defendant. Those 21 days expired with no notice of representation filed by the FPD, and the court proceeded with defendant's pro se filing.

The government has filed an opposition to the motion for compassionate release. See Dkt. 46. The Probation Office also provided a response to the compassionate release motion. See Dkt. 48. Defendant did not file a reply. Having considered the relevant authorities and having reviewed the record and the parties' papers, the court DENIES the motion for compassionate release for the reasons set forth below.

I.    BACKGROUND

On June 12, 2019, defendant pled guilty to one count of possession with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B), and one count of possession of a firearm in furtherance of a drug

trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  See Dkt. 25.

At sentencing, the probation office concluded that defendant's Guideline sentence range was between 262 to 327 months.  Dkt. 35 at 25.  The government recommended a low-end Guidelines sentence of 262 months.  See Dkt. 30.  The court ultimately sentenced defendant to 144 months imprisonment, a downward variance from the Guidelines range.  See Dkt. 34 at 2.

Defendant is presently in the custody of the Bureau of Prisons ("BOP") at USP Florence.  Defendant has approximately 39 months remaining on his prison term, based on a projected release date of April 29, 2029.  See Dkt. 196 at 1.  Defendant now seeks a reduction of sentence pursuant to the compassionate release provision of § 3582(c)(1)(A), arguing that his sentence is unusually long and that the government breached his plea agreement.  See Dkt. 43 at 1-2.

## II.      DISCUSSION

### A.      Legal Standard

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.  United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003).  The court may modify a previously imposed sentence upon motion of the BOP or motion of the defendant under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act which added a provision to allow defendants, not only the Director of the BOP, to file a motion for reduction of sentence after exhausting administrative remedies or waiting 30 days after the warden's receipt of a request.  See United States v. Rodriguez, 424 F.Supp.3d 674, 680 (N.D. Cal. 2019).

Section 3582(c)(1)(A)(i) now provides that the court may reduce an imposed term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

2

whichever is earlier," after considering the applicable factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

### B.      Requirements for Relief

As set forth above, compassionate release is warranted if the court finds that extraordinary and compelling reasons warrant such a reduction, after also considering the applicable § 3553(a) factors and policy statements.[1]

The applicable policy statement can be found in United States Sentencing Guidelines § 1B1.13, which was amended in 2023 to reflect the changes brought about by the First Step Act.  Section 1B1.13 provides that "extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," listing (1) medical circumstances of the defendant, (2) age of the defendant, (3) family circumstances of the defendant, (4) victim of abuse, (5) other reasons, or (6) unusually long sentence.  See U.S.S.G. § 1B1.13(b).  Section 1B1.13 further provides that the rehabilitation of the defendant, by itself, is not an extraordinary and compelling reason for purposes of the policy statement, but may be considered in combination with other circumstances.  See U.S.S.G. § 1B1.13(d).  Finally, the policy statement provides that the court must determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  See U.S.S.G. § 1B1.13(a)(2).

#### 1.      Extraordinary and Compelling Reasons

Defendant's argument is that extraordinary and compelling circumstances are shown by his "unusually long sentence" and by the government having "breached the plea agreement."  See Dkt. 43 at 1-2.

As an initial matter, § 1B1.13(b)(6) applies only if "a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment,"

---

[1] As stated above, defendant must also establish that he exhausted administrative remedies, but the government does not challenge exhaustion on this motion.

United States District Court
Northern District of California

which defendant has not done in this case.  See U.S.S.G. § 1B1.13(b)(6) (emphasis added).  Defendant was arrested in October 2018, just over seven years ago.  See Dkt. 4.  Accordingly, defendant is not eligible for a sentence reduction under § 1B1.13(b)(6), and his motion must be DENIED for that reason alone.

Moreover, as stated above, defendant was sentenced to 144 months imprisonment, which was a significant downward variance from his Guidelines range of 262 to 327 months.  Under those circumstances, the court cannot conclude that defendant's sentence is unusually long.

To the extent that defendant claims that the prosecution breached the plea agreement, it appears his argument is based on the government having made arguments during sentencing that he did not anticipate.  However, the court has reviewed the plea agreement, and it does not contain any representations regarding the arguments that would be presented during sentencing.  See Dkt. 25.

Accordingly, defendant has not established that there are extraordinary and compelling circumstances warranting release.  For that reason alone, defendant's motion for compassionate release is DENIED.

The court further notes that, even if the court were to find that the circumstances presented by defendant were sufficiently extraordinary and compelling to warrant release, his motion would still be denied due to the court's consideration of the § 3553(a) sentencing factors, described as follows.

### 3.    Section 3553(a) Factors

Having considered the applicable § 3553(a) factors, the court further finds that a reduction of defendant's sentence would not serve the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, or to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  See 18 U.S.C. § 3553(a)(2)(A)–(C).

The government argues that defendant's crimes are serious in nature and pose a

danger to the safety of the community, and that a reduction of defendant's sentence would not promote respect for the law and could lessen the deterrence of other drug crimes. The court largely agrees with the government's arguments, and finds that, even if defendant had been able to demonstrate extraordinary and compelling circumstances, consideration of the § 3553(a) factors would still warrant denial of his motion for compassionate release.

## III.    CONCLUSION

For the reasons set forth above, the motion for reduction of sentence pursuant to the compassionate release provision of § 3582(c)(1)(A) (Dkt. 43) is DENIED

**IT IS SO ORDERED.**

Dated:  February 5, 2026

_/s/ Phyllis J. Hamilton_
PHYLLIS J. HAMILTON
United States District Judge

United States District Court
Northern District of California

5